May it please the court, Vanessa Ortega Bartsch for the petitioner, Eliasar Anguiano Reyes. I would request to reserve one minute for rebuttal. This case involves the repeated denial of due process, not only for the petitioner, but also for his United States citizen child, who suffers from seizure disorder as a result of two recurring brain tumors. The seizures, in fact, reach the point of severity, occurring as often as three to four times per week, and at one... We don't have jurisdiction to review the merits of the hardship determination, do we? Not the hardship, no, your honor. I'm framing the issues to inform you about what's at stake. And it's not due process just for the petitioner, it's also for a United States citizen child. Well, let's worry about jurisdiction first before we get to the merits. I have a concern as to, first of all, whether or not we have jurisdiction to review your challenge to the BIA's refusal to sua sponte reopen. And frankly, I don't understand a motion to sua sponte reopen. To me, that's an oxymoron, but maybe you can explain your theory as to why a federal court has jurisdiction to review that decision. Yes, your honor. The motion to reopen sua sponte also raised a number of issues to the board regarding its previous clerical errors. It could have been construed as a motion to reconsider its previous motion to reconsider. Which it had denied, and there's a time and number bar. I mean, you don't get to keep moving to reopen, to reconsider, to reconsider the motion, the denial of the motion to reopen. I mean, I'm having a hard time just... There have been so many motions here. I'm having a hard time sort of figuring out what it is that we have the authority to review and what you're barred from having us review. Yes. So if you could help me untangle this Gordian knot, I would appreciate it. Yes. Well, there... Okay, currently there are two motions before this panel. The first is a motion to reconsider, the denial of the motion to reconsider. The second is a motion to reopen sua sponte. The motion to reopen sua sponte raised a number of errors that the board committed on its denial of the motion to reconsider. Do we have jurisdiction over that? I think that's the question posed by Judge Tolman. It comes logically from the notion of opening sua sponte. That suggests that's entirely up to the agency. Yes, Your Honor. When the underlying theory of law upon which the board relied was incorrect, this honorable court doesn't necessarily have jurisdiction to review whether or not the board could have reopened itself. But when the decision is based on an incorrect premise of law, that is what this court has jurisdiction over. Based on what? I'm sorry. I mean, if we can't review it directly because you didn't have the ability to bring the motion directly, you had to ask the agency to act sua sponte, what gives us jurisdiction to review the basis of their decision? Two cases have recently come out that would support jurisdictional review. The first came out of the Tenth. It's Clumie v. Holder. I submitted it in a 28-J letter. The case very recently came out, and under that case, the Tenth Circuit deemed that it did have jurisdiction to review a motion to reopen sua sponte when the board denied it under an incorrect premise of law. In other words, the board determined that it didn't have any authority to even consider the sua sponte reopening because of the voluntary departure issue. What's the incorrect premise of law that you're relying on? Here, it would be the voluntary departure issue. The board determined that it did not have any authority to reopen, or even if it did reopen, there would be no final recourse. Because he overstayed? Yes, that was their faulty presumption. Why is that false? The plain language of INA 240B, subsection D, states that the penalties attached with an overstay only do so if the overstay was voluntary. Here, the overstay of the voluntary departure period was not voluntary. In what way was it not voluntary? It was a result of ineffective assistance of counsel. He wasn't handcuffed to a tree or anything? He was never notified that the voluntary departure was going to expire or had expired. So because of that, he did not know that he had to leave. And there have been two declarations submitted on the issue by counsel. I guess I come back to the premise, and that is, if under Ekmanian we don't have jurisdiction to review the sua sponte reopen question, how can we get past that case and look at this false presumption that you are arguing? The case is distinguishable. But it's binding Ninth Circuit authority. I mean, we can't follow a Tenth Circuit case and ignore what we said in Ekmanian. Yes. Well, there's also Kusana, the Supreme Court decision. Under Kusana, the Supreme Court specifically declined to address sua sponte authority to reopen. But a number of its conclusions in Kusana are relevant to whether or not this Court has jurisdiction over a faulty premise upon which the denial of a motion to reopen was held. If the Court tells us that they're not going to address the issue, then you're arguing dicta to me, are you not? Yes, but this dicta is still important. But I've got a Ninth Circuit case that says I don't have jurisdiction to look at what you're asking me to look at. And I'm having a real hard time, counsel, figuring out how I can avoid the application of binding precedent. Yes. The Ninth Circuit case, Ekmanian, specifically addresses the Board's decision to deny reopening sua sponte. Here, the Board felt that its hands were tied. It declined to basically exercise its discretion one way or the other. The Board – I'm sorry. You wanted to finish your answer, but you wanted to reserve some time, and I don't want you to lose it. Thank you. The Board basically determined that it couldn't exercise its jurisdiction one way or another. So we would respectfully request remand at least to let the Board exercise its jurisdiction in the first instance. Thank you. Thank you. Good morning. Good morning. May it please the Court, Lauren Freedman, on behalf of pro bono amicus curiae gusinda and Crutcher. In light of this Court's reissued decision in Granada-Salsaguera, and as explained in our papers, I will focus on the second issue the amicus was appointed to address, whether the Board of Immigration Appeals abused its discretion in failing to construe the motion to reconsider as a motion to reissue. It did. And with respect to that abuse of discretion, I'd like to make three points. First, the Board knew that reissuing the order would facilitate Petitioner's requested relief. Second, the Board had the authority to reissue. And finally, there were grounds to reissue that were apparent from the face of the record. And by the way, the government concedes both jurisdiction and the standard of review with respect to this particular issue. Now, it's clear from the record that the Board knew that reissuing would benefit Petitioner. In fact, in its January 15th order that's on review here, the Board specifically articulates as a reason for denying relief his ineligibility due to the voluntary departure period expiring. The Board also knew that reissuance would have restored that eligibility. Indeed, the only way to provide Mr. Redd... Is there any reason that we should believe the Board even gave thought to reissuance? I mean, it may be fair to say that if the Board had thought about it, it would have realized. But is there any reason to think the Board thought about it? Well, that's exactly their error, Your Honor. If they weren't asked for it, why should they be expected to think about it? They're dealing with lots and lots of cases, as we are. And I suspect I've had cases over the years where, gee, there was a different result that nobody mentioned that didn't occur to me either. Do we know that the Board knew, had an affirmative awareness of that possibility? They at least should have been aware that that relief was warranted based on the facts before them. When they received the motion to reconsider, even if it wasn't styled properly, much like if a plaintiff submits a complaint and is subject to a motion to dismiss, when the District Court is reviewing that motion to dismiss, even if the plaintiff's lawyer didn't get the theory of recovery correct in the complaint, if there are some grounds for relief, then the motion to dismiss should be denied. So I submit that it's not that different to expect the Board of Immigration Appeals to do that same sort of analysis. If the grounds for relief are apparent from the motion that's before them, then they should consider their ability to reissue, and that's what they failed to do. Isn't it black-letter law that if the period of voluntary departure has expired, by law there are no benefits that are available to the alien? Unless the Board reissues its decision. That's true, but if the Board simply looked at the fact that his period of voluntary departure had expired, and he hadn't asked to reissue, how did the Board abuse its discretion in simply concluding based on the fact of expiration there are no benefits to which this alien is entitled? Therefore, we deny the motion to reopen. The reason that it was an abuse of discretion here is because in that January 15th order, the Board specifically acknowledged that there is evidence that warrants reopening, specifically that Mr. Reyes' son's seizures have, in fact, returned. So in their order, they in essence acknowledged that they had incorrectly decided the motion to reopen. And so where their own glaring errors are before them, and then they sort of pretend that their hands are tied as, you know, we can't do anything because the voluntary departure period has expired, so we're going to deny your motion. Was it that, or was it that the immigration judge had heard at the merits hearing evidence with regard to the son's medical condition, and the Board looked at the fact that the new evidence that was being proffered was that he was starting to have seizures again. Why is that an abuse of discretion for the Board to conclude at that point? Well, this was fully litigated below, and this is just more of the same, which the Board frequently sees when aliens try to reopen and argue the same issues again. It wasn't fully litigated below for a couple of reasons. First, as Your Honor noted, the seizures returned after the proceedings before the IJ. So that was one of the bases for the motion to reopen. And in deciding that motion to reopen is where the Board made its most significant errors. Specifically, it applies incorrect legal standard. In its order denying the motion to reopen, it specifically says that Petitioner failed to present conclusive evidence that the seizures have returned. Well, that's not the standard. In fact, this Court has specifically held that conclusive evidence is not the standard for reopening. It's that Petitioner needs to present evidence that establishes prima facie eligibility for relief. The second most critical error is that, and it's sort of related, that they discredited, without explanation, all of Petitioner's affidavits. They even discredited the medical reports that he submitted with the motion to reopen. They noted, well, you know, he does submit these medical reports, but those medical reports are based on statements that the respondent and his wife made to the doctors. And so they kind of explain nothing else of why that's a basis for disregarding those reports. And in fact, that's contrary to law, because this Court has specifically held that the BIA may not make adverse credibility determinations without some explanation for doing so. So those were the errors that were apparent from the record when they received the motion to reconsider. So is it kind of like a summary judgment motion, where the Board should treat all of the proffered evidence in the light most favorable to the Petitioner, without regard to considering the source or nature of the evidence that's offered? It's very similar to a summary judgment motion in that respect, that they are not allowed to make adverse credibility determinations unless there's a reason to do so. So in a summary judgment motion, if, you know, the responding party puts forth a challenge to the evidence. But even in a summary judgment proceeding, we can reject self-serving declarations by the party that is opposing summary judgment, can we not? If there is a reason to do that, and you have to explain your reason for doing that, which the Board failed to do. I thought you told me their explanation was that the source of the medical reports was the parents' reports to the doctor, which the Board apparently thought was not sufficient enough, because they didn't have any kind of an objective test or something that would verify that. Then there's the underlying analysis of why are they discrediting the statements of Petitioner? Because in fact, most of the cases that we cite in our brief don't have to do with sort of the double layer of a statement that the Petitioner submits an affidavit. For example, I didn't get the order denying my motion. And so in Singh v. Gonzalez, that was exactly the case. The Petitioner submitted an affidavit to the Board with his motion to reissue saying that he hadn't received the motion. And because there was no reason to suggest that that was a lie, this Court remanded to the BIA with instruction to reconsider its ability to reissue. Thank you, Ms. Friedland. Thank you. Governor Lee, please. Good morning, Your Honors. May it please the Court, Drew Brinkman on behalf of the Attorney General. This case has a fairly long history. An immigration judge and the Board denied Mr. Reyes' application for cancellation of removal because Mr. Reyes failed to show hardship. Mr. Reyes then filed his first motion to reopen, which the Board again denied because Mr. Reyes failed to show hardship. Mr. Reyes then filed a motion to reopen and reconsider, which the Board denied as untimely. And then Mr. Reyes filed a motion to reopen sua sponte, which the Board denied. Let's talk about the way that's untimely. It was due, as I understand it, on August 20 and has a date stamp from the BIA of 8-23. That's right. They say they've got a FedEx delivery slip to show that it was delivered to the BIA on 8-20 and it was stamped in wrong. That's right. What's your answer to that? Well, the Board's entitled to a presumption of regularity. That's the first thing. Okay, but they've got some evidence to show that they're wrong. They've got some evidence showing that they sent something to the Board or that was received by the Board on August 20. We don't know what was in that package from the FedEx. The Board, when it opens a document, when it receives a document, it opens it, stamps it. Says who? It says the Board. Well, I mean, do you have an affidavit to that effect or anything? I spoke with... Well, I know you spoke to them, but, I mean, do you have anything in the record that would explain how there is this discrepancy? The stamp is the only evidence in the record. Aside from the stamp, I'll also mention there's evidence, page 300 and 301 of the record, that the petitioner, Mr. Ray, had sent that motion to this court and it was received in this court on August 21, 2007. Then this court then forwarded it to the Board and it was received on August 23, 2007. So, to me, what I think happened is that they filed a motion to reopen and a petition for review the same day, but they put the wrong documents in the envelopes. So the motion to reconsider came here, petition for review went to the Board, the FedEx tracking slips corroborate that, and the fact that the Ninth Circuit, for some reason, received the motion to reopen on August 21 and then forwarded it to the Board, plus the presumption of regularity. I don't think that FedEx slip is enough to say that they actually received it on August 20. So, the Board probably found that motion to reconsider untimely. The motion to reopen, whether that was untimely, they seem to concede that. I'm going to move on from that unless there's questions there. Whether there's jurisdiction over this voluntary departure issue in the context of the Board's denial of sua sponte. On the second motion, we would argue that the language of the regulation itself determines jurisdiction. So, even though the Board said that there wasn't evidence that the voluntary departure period had not expired, the regulation itself under Ackermann and under Heckler, this Court doesn't have jurisdiction to review the Board's denial of sua sponte reopening, regardless of the fact that the Board gave some reasoning in its decision. Even if, looking at the case that they presented in their 28-J, the Mock Mood case, there wasn't a clear legal finding by the Board that this Court could say that finding was wrong. Because the Board was simply looking at all the evidence, and the Board says, Mr. Reyes did not establish he was eligible for cancellation of removal. He did not present evidence that the voluntary departure period had not expired. So, it seems to be an evidentiary finding rather than a clear legal finding, where even under Mock Mood, this Court couldn't reach it. I submitted a 28-J letter where I talked about the Solicitor General's new stance that there's no private right to sua sponte reopening. So, even if the Board denies sua sponte reopening, there's no private right that could be asserted by counsel. That seems to me different from the jurisdictional argument, but I'd just like to note that. And in any event, the Board's determination that the voluntary departure period expired was correct. So, even if you get all the way to the merits of this issue, the Board's finding was correct. So, I guess the final issue that the Court seems concerned with and that Petitioner's talked about is whether the Board should have construed the motion as a motion to reissue. And to that, I'll just say, Petitioner didn't seek reissuance, didn't present any evidence suggesting that reissuance would have even helped him in this case. It seems that Petitioner expects the Board to have looked at PACER, seen that the petition for review from that second motion was untimely filed, realized that reissuance could have helped the Petitioner, and then decided, okay, we're going to reissue your decision. That was never exhausted to the Board. And then the final, the third motion to reopen seems under echemion. Clearly, there's no jurisdiction over that. So, unless there's additional questions, I'll sit down. Just tell me just quickly. Thank you very much, Mr. Brinkman. Ms. Bartsch, I think you have about a half minute left if you... No, no, I would like to give that time to... Ms. Friedman, you've got a half minute left. Okay. With respect to the government's last point about reissuance, that the Board didn't know that reissuance would benefit Petitioner, there was no need to look at PACER. The very reason that they cited for denying the motion was that he was no longer eligible for relief. So, clearly, they knew, or at least they believed, that the voluntary departure period had expired. Although, on that point, I would like to highlight, as Petitioner counsel argued, there are some arguments that the voluntary departure period had not expired or that the overstay wasn't voluntary because he never knew that the period had expired. So, with respect to that last point of the government, it is blatantly clear from the record that the Board knew that reissuing would benefit Petitioner by reinstating the voluntary departure period. Thank you very much. All counsel, the case just argued is submitted. Ms. Friedman, we especially want to thank you and your firm for taking this pro bono appointment. Thank you very much. Thank you. Thank you very much. 0956733 WACDA versus Causeway Capital Management. Each side has ten minutes.
judges: Silverman, Tallman, Clifton